# ANDERSON + WANCA
## ATTORNEYS AT LAW

3701 ALGONQUIN ROAD, SUITE 500, ROLLING MEADOWS, IL  60008
TEL:  (847) 368-1500  *  FAX:  (847) 368-1501
EMAIL:  BUSLIT@ANDERSONWANCA.COM

David J. Smith
Clerk of Court
U.S. Court of Appeals for the 11th Circuit
56 Forsyth St., N.W.
Atlanta, Georgia 30303

**Via Electronic Filing**

Re: *Marc Irwin Sharfman, M.D., P.A. v. Precision Imaging of St. Augustine*, No. 24-13315 (11th Cir.)

Dear Mr. Smith,

  At oral argument, the Court asked undersigned counsel to file a letter addressing whether a ruling in Appellant's favor would create a circuit split with the Seventh Circuit in *Am. States Ins. Co. v. Capital Assocs. of Jackson Cty., Inc.*, 392 F.3d 939 (7th Cir. 2004). The answer is no. A ruling from this Court that a business receiving an unsolicited advertisement via an "online fax service" has concrete Article III injury to sue under the TCPA would not create a split with *American States*.

  In *American States*, the Seventh Circuit ruled the Illinois Supreme Court (which had not yet decided the question) would probably hold the "advertising injury" portion of an insurance policy did not cover TCPA claims related to "the oral or written publication of material that violates a person's right of privacy" where the plaintiff in the underlying TCPA suit was a corporation. *Id.* The court reasoned that, although the TCPA protects a "(slight) interest in seclusion" for all fax recipients, the Illinois Supreme Court probably would not find coverage under the policy because corporations generally do not have a right to privacy at common law, and so "it does not help to call them 'privacy' interests" such that they would fall under the policy language of "right to privacy." *Id.* at 942.[1]

---

[1] The Seventh Circuit was wrong in its prediction. *See Valley Forge Ins. Co. v. Swiderski Elecs., Inc.*, 860 N.E.2d 307, 320 (Ill. 2006) (finding coverage under the same policy language); *Penzer v. Transp. Ins. Co.*, 545 F.3d 1303, 1307 n.3 (11th Cir. 2008) (finding *American States* was "significantly undermined").

In this case, Appellant is not asking the Court to interpret any insurance policy, and so its ruling could not possibly create a circuit split with the actual holding of *American States*. Appellant is merely asking the Court to hold that the violation of the "slight interest in seclusion" suffered by businesses that receive unsolicited fax advertisements is a harm that is "similar in kind" to a common-law intrusion upon seclusion under *Drazen v. Pinto*, 74 F.4th 1336, 1344 (11th Cir. 2023).

August 1, 2025                                   Respectfully submitted,

                                                 */s/ Glenn L. Hara*
                                                 Glenn L. Hara
                                                 **ANDERSON + WANCA**
                                                 3701 Algonquin Road, Suite 500
                                                 Rolling Meadows, IL 60008
                                                 Telephone: 847-368-1500
                                                 Fax: 847-368-1501
                                                 ghara@andersonwanca.com